## PROVIDENCE.

---

### WILLIAM R. MAYOR *vs.* EDWARD W. EVERSON *et al.*

If bricks are piled on the sidewalk in front of a house and left there, leaving the owner of the house a passage-way to pass to and from his premises, those who make such use of the sidewalk, even if it be lawful, are bound to take reasonable precaution to guard the owner of the house from injury while using the passage-way both by night and by day.

In an action by the owner of the house to recover damages for injuries received while passing through the passage-way in the night-time in consequence of stepping on a brick which lay there and being thrown against an adjoining pile of bricks, the uncontradicted testimony of the plaintiff that the passage-way was not lighted on the night of the injury is sufficient to sustain a verdict in his favor.

DEFENDANTS' petition for a new trial.

*December* 18, 1894. PER CURIAM. The defendants, who were sewer contractors engaged in building a sewer for the city of Pawtucket, made use of the sidewalk in front of the plaintiff's house for storing bricks to be used in the construction of the sewer, leaving a passage-way for the plaintiff to pass to and from his premises. It is claimed that the defendants were negligent in piling the bricks, in consequence of which one or more fell from the pile into the passage-way, and that the plaintiff while passing through it in the night, having no knowledge, or means of knowledge, that the bricks had so fallen, and while in the exercise of due care, stepped on a brick and was thrown on to the pile adjoining, sustaining injury. It is also claimed that the defendants were negligent in omitting on the night in question to hang lanterns so as to light the passage-way as they had done on nights previous to the accident.

The bricks had been piled on the sidewalk for several days, during which no work had been done by the defendants, and it is suggested that the bricks instead of having fallen from the pile into the passage-way may have been thrown down by children at play ; but this does not distinctly appear from the evidence as a fact.  Though lights were hung to warn the public of the obstructions on the sidewalk, there is no evidence to contradict the testimony of the plaintiff as to the absence of the lights to illumine the passage-way.  The defendants, even if lawfully using the sidewalk for the storing of the brick, were bound to take reasonable precautions to guard the plaintiff from injury while using the passage-way both by night and day.  In view of the liability of the bricks to fall or be thrown into the passage-way, the jury may have deemed the lighting of the passage-way no more than a reasonable precaution for the safety of those having occasion to use it.  We think that they had a right so to find, and we cannot say, therefore, that the evidence is not sufficient to sustain the verdict.

*Warren R. Perce*, for plaintiff.

*Raymond G. Mowry*, for defendants.